[No. 7,224.—Department One.]

## ALFRED FAIRBANK v. B. HUGHSON.

Expert—Evidence.—Whether one offered as an expert is qualified to speak as such is a fact preliminary to his testifying to be determined by the Court at the trial, and it is error to refer it to the jury.

Appeal from a judgment for the defendant and from an order denying a new trial in the Superior Court of San Joaquin County. Patterson, J.

*Terry, McKunne & Terry*, for Appellant.

*W. L. Dudley* and *J. A. Louttit*, for Respondent.

McKee, J.:

The principal issue in this case involved the genuineness of the signature of the defendant to the instrument in writing upon which the plaintiff sought to recover in the action.

On the trial of the issue the plaintiff put in evidence eight receipts which were admitted to have been signed by the defendant, and called a number of witnesses to testify as to the genuineness of the paper sued on, by comparison with the signatures of the receipts. In reply to which the defendant called one W. H. Taylor as an expert in handwriting, who, being examined as to his qualifications, testified that he had been a book-keeper for eight years in two banks in the city of Stockton. In that capacity he had

examined signatures and writings more or less, although his business did not require him especially to examine them, and, as he was only a book-keeper, and had not been called on to examine signatures, he did not consider himself to be an expert. Counsel for plaintiff thereupon objected to his testimony on the ground that he was not an expert.

The Court. "I shall hold it is for the jury to say how much he knows about it. I will admit the testimony."

This was error. Whether one offered as an expert is qualified to speak as such, is a fact preliminary to his testifying as such, to be determined by the Court at the trial. It can not be referred to the jury. (*Jones* v. *Tucker*, 41 N. H. 546.)

Judgment and order reversed and cause remanded for a new trial.

Ross, J., and McKINSTRY, J., concurred.